## AMANDA EMMONS v. NELSON H. EMMONS.

Where a bill for a divorce is taken as confessed, and a reference is had to a Master to take proof of the material facts in the bill, he must report *his opinion* on them, with the testimony taken.

The object of a reference in this class of cases, is to guard against collusion by the parties; and the Master, in addition to the questions asked by complainant, should examine the witnesses himself, that he may give his opinion understandingly.

BILL for a divorce for adultery.

Defendant not having appeared in the cause, the papers were submitted to the Court, by

*J. K. Rugg*, for complainant.

THE CHANCELLOR. The 101st rule of the Court provides that, when a bill for a divorce is taken as confessed, or the facts charged therein are admitted by the answer, the

complainant may apply to the Court on any regular motion day, or in term, upon due proof of the regularity of the proceedings to take the bill as confessed, or upon the bill and answer, for a reference to a Master to take proof of all the material facts charged in the bill, and to report such proof to the Court, *with his opinion thereon.* By the 100th rule, the bill is required to be sworn to, and, if it be for a divorce on the ground of adultery, to contain an averment that the adultery charged in the bill was committed without the consent, connivance, privity, or procurement of complainant; and that complainant has not voluntarily cohabited with defendant, since the discovery of such adultery.

The statute provides no divorce shall be granted, unless complainant, or petitioner, shall prove his or her residence in the state, for one year next preceding his or her application; or that the marriage was solemnised in the state, and the applicant has resided therein from the time of such marriage, to the time of his or her application. *R. S.* 337, § 6; *Laws* 1842, *p.* 116; *Laws* 1844, *p.* 74.

In the present case, there is no positive evidence of complainant's residence in the state, for the year next preceding her application. It may, perhaps, be inferred from a portion of the testimony taken by the Master for another purpose; but there should be some better evidence of a fact so easily proved, and, where it exists, so susceptible of positive testimony, than an inference, for the Court to base its decision on.

The Master has reported the proofs taken by him, but not his *opinion thereon*, as required by the 101st rule. The object of a reference in this class of cases is to guard against collusion between the parties; and the Master is, therefore, not only required to take proof of all the material facts charged in the bill, but also to report the same,

with his opinion thereon, to the Court.   It is his duty to examine the witnesses himself, as well as to take down their answers to such questions as may be asked them by complainant, so as to enable him to give his opinion understandingly, as to the truth of every material allegation or averment in the bill.   7 *Paige R.* 589;  9 *Paige R.* 589.

Neither is there any proof complainant has not voluntarily cohabited with defendant since the discovery of the adultery.   The Master should have required testimony as to the discovery of the adultery by complainant, and whether there had been a condonation of the offence, by a voluntary cohabitation since.

The only witness to the offence is a *particeps criminis*, who is, nevertheless, a competent witness, but whose testimony should be corroborated by some collateral evidence. *Poynter on Marr. and Div.* 198, *note p.*

It must be referred back to the Master to take further proofs, and to make a full report, stating therein his opinion as to the truth of every material fact stated in the bill.